# SUMMONS - CIVIL

JD-CV-1  Rev. 9-14
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

**See other side for instructions**

| | |
|---|---|
| ☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500. | TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint. |
| ☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more. | |
| ☐ "X" if claiming other relief in addition to or in lieu of money or damages. | |

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* *(C.G.S. §§ 51-346, 51-350)* | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* | | |
|---|---|---|---|---|
| 95 Washington Street, Hartford, CT 06106 | ( 860 ) 548-2700 | December | 30 | 2014 |
| | | Month | Day | Year |

| ☒ Judicial District | | G.A. | At *(Town in which writ is returnable)* *(C.G.S. §§ 51-346, 51-349)* | Case type code *(See list on page 2)* | |
|---|---|---|---|---|---|
| ☐ Housing Session | | ☐ Number: | Hartford | Major: **T** | Minor: **40** |

## For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| David K. Jaffe, Esq., Brown, Paindiris & Scott, 100 Pearl Street, Hartford, CT 06103 | 370073 |

| Telephone number *(with area code)* | Signature of Plaintiff *(if self-represented)* |
|---|---|
| ( 860 ) 522-3343 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes ☐ No | Email address for delivery of papers under Section 10-13 *(if agreed to)* |
|---|---|---|
| | | djaffe@bpslawyers.com |

| Number of Plaintiffs: 1 | Number of Defendants: 16 | ☒ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| **First Plaintiff** | Name: SALAS, FRANK<br>Address: 40 SOUTH STREET, ENFIELD, CT 06082 | P-01 |
| **Additional Plaintiff** | Name:<br>Address: | P-02 |
| **First Defendant** | Name: Town of Enfield c/o Suzanne Olechnicki, Town Clerk<br>Address: 820 Enfield Street, Enfield, CT 06082 | D-01 |
| **Additional Defendant** | Name: Sferrazza, Carl, Chief of Police, Enfield Police Department, in his official capacity<br>Address: 293 Elm Street, Enfield, CT 06082 | D-02 |
| **Additional Defendant** | Name: Sferrazza, Carl, Chief of Police, Enfield Police Department, in his individual capacity<br>Address: 293 Elm Street, Enfield, CT 06082 | D-03 |
| **Additional Defendant** | Name: Worden, Officer Matthew, Enfield Police Department, in his official capacity<br>Address: 293 Elm Street, Enfield, CT 06082 | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at  www.jud.ct.gov  under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov  under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly.  The Clerk of Court is not allowed to give advice on legal questions.

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court | Name of Person Signing at Left | Date signed |
|---|---|---|---|
| *David K. Jaffe* | ☐ Assistant Clerk | David K. Jaffe, Esq. | |

| If this Summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.<br>c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | File Date<br><br>A TRUE COPY ATTEST<br><br>*John R. Griffin*<br>JOHN R. GRIFFIN<br>CONNECTICUT STATE MARSHAL<br>HARTFORD COUNTY |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date |
|---|---|---|
| | | |

| Name and address of person recognized to prosecute in the amount of $250 | |
|---|---|
| Shanel Banks, 100 Pearl Street, Hartford, CT 06103 | |

| Signed *(Official taking recognizance, "X" proper box)* | ☒ Commissioner of the Superior Court | Date | Docket Number |
|---|---|---|---|
| *David K. Jaffe* | ☐ Assistant Clerk | | |

**CIVIL SUMMONS**
**CONTINUATION OF PARTIES**
JD-CV-2   Rev. 9-12

STATE OF CONNECTICUT
**SUPERIOR COURT**

First named Plaintiff *(Last, First, Middle Initial)*
**SALAS, FRANK**

First named Defendant *(Last, First, Middle Initial)*
**Town of Enfield**

## Additional Plaintiffs

| Name *(Last, First, Middle Initial, if Individual)* | Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
| | | 03 |
| | | 04 |
| | | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | | 12 |
| | | 13 |

## Additional Defendants

| Name *(Last, First, Middle Initial, if Individual)*   Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|
| Worden, Officer Matthew, Enfield Police Department, in his official capacity c/o Elliot Spector, Hassett & George, 945 Hopmeadow Street, Simsbury, CT 06070 | 05 |
| Worden, Officer Matthew, in his individual capacity c/o Elliot Spector, Hassett & George, 945 Hopmeadow Street, Simsbury, CT 06070 | 06 |
| Yott, Officer Jamie, Enfield Police Department, in his official capacity 293 Elm Street, Enfield, CT 06082 | 07 |
| Yott, Officer Jamie, Enfield Police Department, in his individual capacity 293 Elm Street, Enfield, CT 06082 | 08 |
| Wesche, Officer Ryan, Enfield Police Department, in his official capacity 293 Elm Street, Enfield, CT 06082 | 09 |
| Wesche, Officer Ryan, Enfield Police Department, in his individual capacity 293 Elm Street, Enfield, CT 06082 | 10 |
| Carney, Officer John M., Enfield Police Department, in his official capacity 293 Elm Street, Enfield, CT 06082 | 11 |

| | | |
|---|---|---|
| Carney, Officer John M., Enfield Police Department, in his individual capacity 293 Elm Street, Enfield, CT 06082 | 12 | *FOR COURT USE ONLY - File Date* |
| Doe, Officer John, Enfield Police Department, in his official capacity 293 Elm Street, Enfield, CT 06082 | 13 | |
| Doe, Officer John, Enfield Police Department, in his individual capacity 293 Elm Street, Enfield, CT 06082 | 14 | Docket number |

CIVIL SUMMONS-Continuation

**CIVIL SUMMONS**
**CONTINUATION OF PARTIES**

JD-CV-2  Rev. 4-97

STATE OF CONNECTICUT
**SUPERIOR COURT**

FIRST NAMED PLAINTIFF *(Last, First, Middle Initial)*
**SALAS, FRANK**

FIRST NAMED DEFENDANT *(Last, First, Middle Initial)*
**TOWN OF ENFIELD**

### ADDITIONAL PLAINTIFFS

| NAME *(Last, First, Middle Initial, if individual)* | ADDRESS *(No., Street, Town and ZIP Code)* | CODE |
|---|---|---|
| | | 03 |
| | | 04 |
| | | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | | 12 |
| | | 13 |

### ADDITIONAL DEFENDANTS

| NAME *(Last, First, Middle Initial, if individual)* | ADDRESS *(No., Street, Town and ZIP Code)* | CODE |
|---|---|---|
| Doe, Officer Jane, Enfield Police Department, in her official capacity 293 Elm Street, Enfield, CT 06082 | | 54 |
| Doe, Officer Jane, Enfield Police Department, in her individual capacity 293 Elm Street, Enfield, CT 06082 | | 55 |
| | | 56 |
| | | 57 |
| | | 58 |
| | | 59 |
| | | 60 |

| | | |
|---|---|---|
| | 61 | *FOR COURT USE ONLY - FILE DATE* |
| | 62 | |
| | 63 | DOCKET NO. |

CIVIL SUMMONS-Continuation

| | | |
|---|---|---|
| RETURN DATE: DECEMBER 30, 2014 | : | SUPERIOR COURT |
| FRANK SALAS | : | J.D. OF HARTFORD OR |
| | : | HARTFORD |
| | : | |
| V. | : | |
| | : | |
| TOWN OF ENFIELD; ENFIELD POLICE | : | |
| DEPARTMENT; CHIEF CARL | : | |
| SFERRAZZA, individually and in | : | |
| his official capacity; OFFICER | : | |
| MATTHEW WORDEN, individually | : | |
| and in his official capacity; OFFICER JAIME | : | |
| YOTT, individually and in her official capacity; | : | |
| OFFICER RYAN WESCHE, individually and in | : | |
| his official capacity, OFFICER JOHN M. | : | |
| CARNEY, individually and in his official | : | |
| Capacity; OFFICER JOHN DOE, individually | : | |
| and in his official capacity; OFFICER JANE | : | |
| DOE, individually and in her official capacity | : | NOVEMBER 14, 2014 |

## COMPLAINT

## PRELIMINARY STATEMENT

    1.    The Plaintiff, Frank Salas, brings this civil action for violations of Plaintiff's civil rights secured and protected by the Civil Rights Act of 1871, 42 U.S.C. 1983, 42 U.S.C. §1985, and the Fourth, Eighth, and/or Fourteenth Amendments to the United States Constitution, and Article One §§7, 8, 9, and/or 20 of the Connecticut Constitution, as well as the common and statutory laws of the State of Connecticut, for which he seeks damages, attorneys' fees, and costs.

    2.    The Plaintiff alleges that on December 26, 2011, the Defendant Enfield police officers, Matthew Worden, Ryan C. Wesche, and John M. Carney, along with other unidentified police officers, in their individual and official capacities, negligently, deliberately and/or intentionally violated Plaintiff Frank Salas's constitutional rights.

BROWN PAINDIRIS & SCOTT, LLP – ATTORNEYS AT LAW

100 PEARL STREET – HARTFORD, CONNECTICUT 06103 – (860) 522-3343 – JURIS NO. 20767

3.      The Plaintiff, Frank Salas, further alleges that Carl Sferrazza, individually and in his official capacity as Chief of Police of Enfield Police Department and the Town of Enfield is liable for the violations of these individual police officers under federal and state laws because he: (1) tolerated, condoned, encouraged and/or was deliberately indifferent to the use of excessive force in an unreasonable manner, (2) failed to adequately train and provide guidelines with regard to the use of excessive force in a manner that could foreseeably lead to the violation of citizens' rights, and (3) created an atmosphere and culture in which such treatment of citizens is tolerated and/or fostered.

4.      The Plaintiff, Frank Salas, further alleges that the Defendant Town of Enfield is liable for Defendant police officers' negligent and/or deliberately indifferent conduct under Connecticut General Statute § 52-557n because such conduct occurred during the course and within the scope of the Defendant police officers' employment with the Town in a manner which caused imminent and/or present physical harm and damages to an identifiable victim, namely, the Plaintiff, Frank Salas.

5.      The Plaintiff Frank Salas alleges that as a result of the negligent and/or deliberately indifferent conduct of the Defendant Enfield police officers, as referenced herein, he has suffered, as an identifiable victim, who was threatened by imminent and/or present harm by the acts of the Defendant Enfield police officers, within the course and scope of their employment, severe physical and emotional distress and damages, as more particularly described herein.

6.      Statutory notice of the Plaintiffs' civil rights claims against the Defendant police officers, and intention to bring this action, was given to the Town of Enfield, pursuant to §§ 7-465 of the Connecticut General Statutes, a copy of which is attached hereto as "Exhibit A".

2

## JURISDICTION

7.     The basis of jurisdiction is predicated upon 42 U.S.C. §§ 1983 and 1985 as well

as the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

## PARTIES

8.     At all times mentioned herein, the Plaintiff, Frank Salas, is a resident of Enfield,

Connecticut.

9.     The Defendant, Town of Enfield, is a municipality created and existing as a

political subdivision of the State of Connecticut pursuant to the laws of the State of Connecticut

and acting at all pertinent times herein through its duly authorized agents, employees and/or

representatives.

10.     At all relevant times described herein, Defendant Chief Carl Sferrazza was the

Chief of Police of the Enfield Police Department and Enfield's final policymaker in the area of

law enforcement. Defendant Carl Sferrazza is sued in his individual and official capacity as

Chief of Police for the Town of Enfield, and was acting in his individual and/or official capacity

in the performance of his duties, and within the scope of his employment as Chief of Police, and

was acting under the color of state law, that is, under color of the Constitution, statutes, laws,

charter, ordinances, rules, regulations, customs and usages of the United States and State of

Connecticut.

11.     At all relevant times described herein, Defendant Officers Matthew Worden,

Ryan C. Wesche, John M. Carney, John Doe and Jane Doe were Police Officers assigned to the

Enfield Police Department. Each defendant is sued individually and in his official capacity as a

police officer in the performance of their duties and under color of state law, that is, under color

3

of the Constitution, statutes, laws, charter, ordinances, regulations, customs and usages of the United States and the State of Connecticut.

12.     At all relevant times described herein, the Defendants individually and/or in concert, were acting with deliberate indifference and under the totality of the circumstances, objectively unreasonably, with regard to the health, safety, wellbeing and/or rights of the Plaintiff.

13.     At all relevant times described herein, under the totality of the circumstances, the actions of all defendants, individually and/or in concert, were objectively unreasonable and/or were carried out with conscious disregard for the health and safety of the Plaintiff, Frank Salas.

14.     At all relevant times described herein, Defendant Town of Enfield Police Officers acted jointly and in concert with each other and each such individual had the duty and reasonable opportunity to intervene to protect Plaintiff Frank Salas from the negligent, reckless, willful, knowing, unconstitutional and/or deliberately indifferent acts of the other Defendants, as described herein, but each Defendant failed and/or refused to perform such duty, despite such reasonable opportunity to do so, as it arose, thereby proximately causing the injuries and losses complained of herein.

4

## STATEMENT OF FACTS

15.     On or about December 26, 2011, at or around 10:30 PM, Plaintiff Frank Salas received a call from a friend who notified him that his brother had been arrested and that his brother's vehicle was going to be towed from the parking lot of CVS Pharmacy, located on the corner of Freshwater Boulevard and Hazard Avenue in Enfield, Connecticut, unless Frank Salas came to claim the car.

16.     Shortly thereafter, in response to the aforementioned phone call, Frank Salas arrived at the parking lot of CVS Pharmacy, where he observed multiple police vehicles and numerous police officers standing in a circle and a tow truck operator in the process of attaching Plaintiff's brother, Ronnie Salas's car to a tow truck.

17.     Plaintiff approached the tow truck operator to inquire about his brother's vehicle.

18.     As Plaintiff was speaking with the tow truck operator, Defendant Officer Wesche, yelled at and rushed toward Plaintiff Frank Salas.

19.     Upon reaching the plaintiff, Defendant Officer Wesche forcibly grabbed Plaintiff Frank Salas, unprovoked, and threw him to the ground, repeatedly ordering him to "stop resisting," in spite of his lack of resistance, and kneeling hard on plaintiff's back while administering handcuffs.

20.     At no time did Plaintiff Frank Salas commit a crime or threaten anyone in the presence of the Defendant Officers, nor was there a warrant out for Plaintiff's arrest.

21.     Additionally, Plaintiff was compliant and did not at any point attempt to resist the actions of Officer Wesche or any other Enfield Police Officer during the incident complained of herein.

5

22.     While Plaintiff Frank Salas was on the ground and restrained by Defendant Officer Wesche, Defendant off-duty Officer Matthew Worden, dressed in plain clothes, rushed over to the plaintiff and violently slammed the plaintiff's face into the asphalt, causing plaintiff to lose his two front teeth in the process and to bleed profusely.

23.     Although in a reasonable position to do so, none of the Defendant Enfield police officers on the scene did anything to stop Officer Wesche or Officer Worden from physically assaulting or kneeling on the plaintiff, or from violently slamming his face into the asphalt.

24.     At some point, as Plaintiff Frank Salas was being struck and pinned down by the aforesaid Defendant Enfield police officers and after he was completely subdued, Plaintiff begged the police officers to stop due to the excruciating pain he experienced from his two bleeding, broken front teeth and otherwise, due to his being attacked.

25.     Additionally, several friends of Plaintiff Frank Salas, including the mother of Plaintiff's friend, who had gathered at the scene, yelled for the police to stop assaulting the Plaintiff.

26.     Despite such pleas the Defendant, Enfield police officers continued their unprovoked assault on the Plaintiff, Frank Salas.

27.     Around this time, Plaintiff's friend, Emilee Golden, without probable cause to do so, was falsely arrested and one or more of the Defendant Enfield police officers hreatened to arrest other bystanders as well although they were also not engaged in any criminal activity or threatening behavior.

28.     Following the violent assault of the Plaintiff, by the Defendant Enfield police officers, as aforesaid, the plaintiff, who requested medical attention, was taken to the Enfield

6

police station and kept overnight, without needed provision of any needed medical attention for his two broken and missing front teeth and other injuries resulting from the assault which required immediate medical attention.

29.    The Plaintiff, Frank Salas was charged with Second Degree Breach of Peace and Interfering with an Officer.  Charges were eventually dismissed.

30.    The Plaintiff Frank Salas had no prior criminal record.

31.    As a direct result of the deliberately indifferent actions and omissions of the Defendants, as aforesaid, the Plaintiff Frank Salas has suffered numerous physical injuries and sequelae, some or all of which are permanent in nature, including but not limited to, numerous cuts, bruises abrasion and scars and two broken front teeth which eventually required root canals and related treatment.

32.    As a direct and further result of the aforesaid actions and conduct of Defendants, Plaintiff Frank Salas has suffered and will continue to suffer from mental anguish and psychological trauma, as well as profound feelings of humiliation, loss of dignity, anxiety, depression, post-traumatic stress disorder, flashbacks, headaches, chronic, repetitive sleep interruption and deprivation and fear of police officers.

33.    As a direct and further result of the aforesaid actions and conduct of Defendants, Plaintiff Frank Salas was forced to incur and will continue to incur, medical and other healthcare expenses, and loss of income, all related to his physical and emotional injuries and damages as aforesaid.

BROWN PAINDIRIS & SCOTT, LLP – ATTORNEYS AT LAW

100 PEARL STREET – HARTFORD, CONNECTICUT 06103 – (860) 522-3343 – JURIS NO. 20767

**COUNT ONE**:    Plaintiff Frank Salas against the Named Defendant Enfield Police Officers for Violations of Rights secured by 42 U.S.C. § 1983 and the Fourth, Eighth and/or Fourteenth Amendments to the United States Constitution due to their use of Unreasonable and/or Excessive Force on him.

1-33.   Paragraphs 1-33 are hereby fully incorporated into this Count One and made paragraphs 1-33 of this Count.

34.   Under the totality of the circumstances, Defendant Enfield Police Officers, including Officer Matthew Worden, Officer Ryan Wesche, Officer John M. Carney, and Officers John and Jane Doe, while acting under the color of state law, acted with deliberate indifference and/or objective unreasonableness when they used excessive force on the Plaintiff Frank Salas, as aforesaid.

35   As a direct result of the Defendants' actions, as aforesaid, the Plaintiff, Frank Salas, suffered severe and permanent physical injuries, psychological trauma, anxiety, humiliation, pain and suffering, damage to his reputation and character, as well as other injuries and damages including medical and dental expenses and loss of income, as more particularly set forth herein, in violation of Plaintiff Frank Salas's rights as guaranteed under the Fourth and/or Fourteenth Amendments to the United States Constitution.

36.   The conduct and actions of some or all of the Defendant Enfield Police Officers, as aforesaid, acting under color of law, were excessive and constituted unreasonable use of force, in violation of the Plaintiff's Fourth and/or Fourteenth Amendment rights as secured by 42 U.S.C. § 1983.

8

**COUNT TWO:**     Plaintiff Frank Salas against Named Defendant Enfield Police Officers for Violations of Rights Secured by Article I §§ 7 and 9 of the Connecticut Constitution due to their use of Unreasonable and/or Excessive Force on him.

1-36.   Paragraphs 1-36 of Count One are hereby fully incorporated and made paragraphs 1-36 of this Count.

37.   The conduct and actions of the Defendant Enfield police officers, as aforesaid, violated Plaintiff Frank Salas's State Constitutional rights as they constituted unreasonable use of force, in direct violation of Plaintiff's rights under Article I §§ 7 and 9 of the Connecticut Constitution.

38.   As a direct and proximate result of Defendant Officers' actions, as aforesaid, the Plaintiff Frank Salas has suffered severe and permanent physical and psychological injuries, humiliation, pain and suffering, loss of income and damage to his reputation and character, and related medical expenses, as more particularly set forth herein.

**COUNT THREE:**     Plaintiff Frank Salas against Defendant Enfield Police Officers for Negligent Conduct under the Common Law of Connecticut.

1-38.   Paragraphs 1-36 of Count One and Paragraphs 37-38 of Count Two are fully incorporated herein and made Paragraphs 1-38 of this Count Three.

39.   The defendant Enfield Police Officers, acting individually and/or in concert with each other as aforesaid, exhibited a lack of reasonable care in so acting in one or more of the following ways:

    a.   Their conduct was unreasonable and breached the applicable duty and standard of care that the Defendants owed to Plaintiff Barbara Crowley to take all available measures reasonably necessary to investigate her case and its circumstances before and/or while arresting, apprehending or subduing her;

9

b.      Their conduct in apprehending Barbara Crowley before adequate investigation of the matter or establishment of probable cause to arrest or apprehend her, exhibited lack of due care in regard to the health and well-being of the Plaintiff;

c.      Defendants applied unreasonable force in abruptly and violently grabbing, without warning, Plaintiff's arm, kicking Plaintiff's knee and kneeling on her back, given the circumstances, including the fact that Plaintiff Barbara Crowley was, at all pertinent times, peaceful, compliant, and/or then handcuffed and not resisting or threatening anyone at any time;

d.      Some or all of the Defendant Enfield Police officers failed at the scene to intervene to prevent and/or stop one another from using unreasonable force on the Plaintiff, and/or falsely arresting her, although they were in a reasonable position to do so for an extended period of time;

e.      Defendants knew or reasonably should have known or foreseen that their unreasonable conduct would cause serious and permanent injury to Plaintiff Barbara Crowley of the type it did cause; and

f.      After the Plaintiff, Barbara Crowley, was injured due to their actions, some or all of the Defendant Enfield Police Officers failed to provide adequate medical assistance, as needed.

40.     As a direct and proximate result of Defendant Police Officers negligent actions as aforesaid, Plaintiff Frank Salas suffered severe and permanent physical, emotional and economic injuries, humiliation, pain and suffering, and damage to his reputation and character, as more particularly set forth herein.

**COUNT FOUR:**        **Liability of the Town of Enfield pursuant to Connecticut General Statute § 52-557n.**

1-40.   Paragraphs 1-40 of Count Three are hereby fully incorporated and made paragraphs 1-40 of this Count Four.

41.     The negligent acts and omissions of Defendant Enfield Police Officers, as described herein, occurred while Defendants were on duty, in uniform, and/or performing their duties in the course of their employment as police officers for the Town of Enfield.

10

42.    Defendant Enfield Police Officers' conduct, as described herein, occurred while they were acting as agents and employees of the Town of Enfield, with a purpose to further the interest of the Town of Enfield.

43.    Defendant Enfield Police Officers' negligent conduct as aforesaid subjected Plaintiff Frank Salas, an identifiable victim, to foreseeable imminent harm, which did, in fact occur.

44.    As a result, Defendant Town of Enfield is liable to Plaintiff Frank Salas under Connecticut General Statutes § 52-557n for the negligent acts of Defendant Enfield police officers that were committed in the course and scope of their employment, as aforesaid and that directly and proximately caused Plaintiff's severe and permanent injuries and damages, as set forth more particularly herein.

**COUNT FIVE:**    **Liability of Defendant Enfield Police Officers to Plaintiff Frank Salas for Reckless and/or Willful Conduct under the Common Law of Connecticut**

1-38.    Paragraphs 1-38 of Count Two are fully incorporated herein and made Paragraphs 1-37 of this Count Five.

39.    Some of all of the Defendant Enfield Police Officers acted maliciously, recklessly, willfully, with deliberate indifference and/or with conscious disregard for the life, health and well-being of Plaintiff Frank Salas, as aforesaid, in derogation of their duties, as follows:

a.    They threw him forcibly to the ground despite the fact that they knew he had committed no crime and had posed no threat to the officers;

b.    They forcefully handcuffed him and placed him under arrest despite the fact that they knew they had no probable cause to effectuate an arrest, nor had Plaintiff committed any crime;

11

BROWN PAINDIRIS & SCOTT, LLP – ATTORNEYS AT LAW
100 PEARL STREET – HARTFORD, CONNECTICUT 06103 – (860) 522-3343 – JURIS NO. 20767

c.      They struck him and slammed his face into the asphalt, although he was not resisting, and while he was otherwise subdued or handcuffed, causing him to painfully lose or break his two front teeth and acting in conscious disregard for his safety and well-being.

d.      They failed to intervene to prevent or stop one another from recklessly and/or willfully violating Plaintiff's Constitutional rights, as aforesaid, although they were in a reasonable position to do so; and

e.      They failed to provide him with medical attention or call an ambulance to take him to the hospital, despite his clear need following his injuries including his loss of his two front teeth, in deliberate disregard of his clear, immediate medical needs.

40.     As a direct result of such reckless, deliberate and/or willful misconduct, as aforesaid, Plaintiff Frank Salas suffered severe and permanent physical, emotional and economic injuries, as set forth more particularly herein.

**COUNT SIX:**        **Plaintiff Frank Salas against Defendant Enfield Police Officers for Intentional Infliction of Emotional Distress under the Common Law of Connecticut**

1-40.   Paragraphs 1-38 of Count Two, and Paragraphs 39-40 of Count Five are hereby incorporated and made Paragraphs 1-40 of this Count Six.

41.     The aforementioned actions of Defendant Enfield police officers were intentional, willful and/or deliberate and caused Plaintiff Frank Salas to suffer from severe emotional distress following his arrest.

42.     The Defendants should have reasonably foreseen that severe emotional distress would have resulted from their actions.

43.     Such conduct by the Defendants was extreme and outrageous and exceeded all bounds usually tolerated by decent society.

12

44.     The Defendants' conduct directly caused Plaintiff Frank Salas's severe emotional distress, including but not limited to post-traumatic stress disorder, anxiety, fear of police officers, humiliation and loss of dignity.

45.     Defendants' conduct, as aforesaid, which exhibits a willful indifference toward the rights of others and demonstrates intentional and wanton violation of Plaintiff Frank Salas's rights, further directly caused Plaintiff to suffer severe physical, emotional and economic injuries, as more particularly set forth herein.

**COUNT SEVEN:**     **Plaintiff Frank Salas against Defendant Officers for Negligent Infliction of Emotional Distress under the Common Law of Connecticut.**

1-44.   Paragraphs 1-44 of Count Four, are hereby incorporated and made paragraphs 1-44 of this Count Seven

45.     The aforesaid negligent actions of Defendant Enfield Police Officers caused the Plaintiff Frank Salas to suffer from severe emotional distress, that defendants knew or should have known would result from their actions.

46.     Such conduct was unreasonable and exceeded all bounds usually tolerated by decent society.

47.     As a result of such conduct, Plaintiff Frank Salas suffered severe physical and emotional distress, including but not limited to post-traumatic stress disorder, anxiety, fear of police officers, humiliation, and loss of dignity, as well as physical and economic injuries and damages as more particularly set forth herein.

13

**COUNT EIGHT:**   **Plaintiff Frank Salas against Defendant Enfield Police Officers for Assault and Battery under the Common Law of Connecticut**

1-40.   Paragraphs 1-40 of Count Five are hereby incorporated and made Paragraphs 1-40 of this Count Eight.

41.   Some or all of the Defendant Enfield Police Officers, separately or in concert, engaged in the following intentional conduct which placed Plaintiff in reasonable apprehension of imminent and serious bodily harm:

a.   They used serious and injurious physical force on Plaintiff while he was helpless, vulnerable, non-combative and/or nonthreatening;

b.   They threw Plaintiff to the ground, despite the fact that he had committed no crime, posed no threat to anyone and engaged in no resistance;

c.   They forcibly handcuffed Plaintiff despite the fact that he was not resisting arrest;

d.   They struck him and violently slammed Plaintiff's face into the asphalt, despite the fact that he was subdued and restrained by handcuffs;

e.   Although in a reasonable position to do so, some or all of these Defendant Enfield Police Officers failed to intervene to prevent or stop the prolonged, unpermitted, unjustified physical attack on Plaintiff Frank Salas at the hands of other Defendant Enfield police officers, as set forth more particularly herein.

42.   As a result of Defendant Enfield Police Officers' conduct, as aforesaid, Plaintiff Frank Salas suffered severe and permanent physical, psychological injuries and economic injuries as set forth more particularly herein.

14

**COUNT NINE:**    Plaintiff Frank Salas against Defendant Enfield Police Officers for Violations of Plaintiff's Fourth and/or Fourteenth Amendment Rights as Secured by 42 U.S.C. § 1983 for Failure to Intervene

1-42.    Paragraphs 1-42 of Count Eight are hereby incorporated as Paragraphs 1-42 of this Count Nine.

43.    Although in a reasonable position to do so, some or all of the Defendant Enfield Police Department Members failed to intervene to prevent and/or stop the unreasonable use of force on Plaintiff Frank Salas, as described herein, thereby causing his injuries, as set forth more particularly herein.

44.    As a consequence of the aforesaid actions of Defendants, Plaintiff Frank Salas has suffered damages, including serious and permanent physical and psychological trauma and loss of income, as more particularly set forth herein.

**COUNT TEN:**    Plaintiff Frank Salas against Defendant Enfield Police Officers for Violations of Plaintiff's Rights Secured by Article I, §§ 7, 8, 9 and/or 20 of the Connecticut Constitution for Failure to Intervene

1-44.    Paragraphs 1-44 of Count Nine are hereby incorporated and made paragraphs 1-44 of this Count Ten.

44.    Although in a reasonable position to do so, some or all of the Defendant Enfield police officers failed to intervene to prevent and/or stop the prolonged unreasonable use of force on Plaintiff Frank Salas, as described herein, thereby directly causing him physical, emotional and economic injuries, as set forth more particularly herein.

15

**COUNT ELEVEN:**            **Plaintiff Frank Salas against Defendant Enfield Police Officers
for Violations of Plaintiff's Fourth and/or Fourteenth
Amendment Rights as Secured by 42 USC § 1983 for Failure to
Render Adequate Medical Assistance**

1-44.   Paragraphs 1-44 of Count Ten are hereby incorporated and made paragraphs 1-44 of this Count Eleven.

45. Although in a reasonable position to do so, some or all of the Defendants failed to render adequate and/or timely medical assistance to Plaintiff Frank Salas, thereby causing him physical, emotional and economic injuries, as set forth more particularly herein.

**COUNT TWELVE:**           **Plaintiff Frank Salas against Defendant Enfield Police Officers
for Violations of Plaintiff's Rights Secured by Article I, §§ 7, 8,
9 and/or 20 of the Connecticut Constitution for Failure to
Render Adequate Medical Assistance.**

1-45.   Paragraphs 1-45 of Count Eleven are made paragraphs 1-45 of this Count Twelve.

46.      Although in a reasonable position to do so, some or all of the Defendant Enfield Police Department Members failed to intervene to prevent and/or stop the unreasonable use of force on Plaintiff Frank Salas, as described herein, thereby causing him physical, emotional and economic  injuries, as set forth more particularly herein.

**COUNT THIRTEEN:**         **Plaintiff Frank Salas against Defendant Enfield Police Officers
for False Arrest and Malicious Prosecution Pursuant to the 4th
and 14th Amendments to the U.S. Constitution as enforced
through 42 U.S.C. §1983 and the Connecticut Constitution
Article I, §§ 7 and 9.**

1-46.   Paragraphs 1-46 of Count Twelve are hereby incorporated and made Paragraphs 1-46 of this Count Thirteen.

16

47.    Defendants, acting under color of law, arrested Plaintiff Frank Salas without probable cause to do so, under the totality of the circumstances and caused him to be prosecuted, without probable cause, as well.

48.    Such false arrest and wrongful and/or malicious prosecution caused damages to Plaintiff Frank Salas, including physical harm, emotional distress and economic loss including expenses related to his medical condition and criminal case, as set forth more particularly herein.

**COUNT FOURTEEN:**    **Plaintiff Frank Salas against Defendant Town of Enfield and Chief of Police Carl Sferazza for Violations of Rights Secured by 42 U.S.C § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution Due to an Inadequate Policy and Custom**

1-48.    Paragraphs 1-48 of Count Thirteen are hereby incorporated and made Paragraphs 1-48 of this Count Fourteen.

49.    At all pertinent times herein, Defendant Town of Enfield, acting through its Chief of Police Carl Sferrazza, the final policymaker for the Town of Enfield in the area of law enforcement, had in effect de facto policies, practices and customs exhibiting deliberate indifference to the constitutional rights of citizens and residents of Enfield, which were the moving force behind and a direct and proximate cause of the unconstitutional conduct of Defendant Enfield Police Officers and their resultant violations of the constitutional rights of Plaintiff Frank Salas, as described herein.

50.    These deficient policies, practices and/or customs of the Defendant, Town of Enfield, both department-wide and in regard to the named Defendant police officers in the present case, include, inter alia:

17

a.      Its failure to properly and adequately supervise, monitor, investigate and/or discipline or otherwise take reasonable measures to contain or control those Enfield police officers, including the Defendant police officers herein,  whose past actions and/or misconduct have, over time, exhibited pronounced tendencies toward violence, over-aggressiveness and/or other conduct evidencing unacceptable practices in the course of arrests and seizures, in the following respective areas, to wit:

    i.      Unreasonably neglecting their duty to serve and protect the public when interacting with them, in a manner which, instead, resulted in harm to the public and thereby compromised public safety;

    ii.      Failure to adequately or fully investigate or assess the total circumstances while apprehending or arresting a citizen, generally and more particularly in regard to persons who are arrested without a warrant and without probable cause to believe that a crime has been committed;

    iii.      Failure to establish probable cause before restraining; arresting and/or seizing of citizens, as in this case;

    iv.      Failure to render adequate medical assistance to citizens whose medical condition requires it, as in this case;

    v.      Failure to intervene when reasonably opportune to prevent violation of a citizen's civil rights by other police officers, as in this case;

    vi.      Failure to prepare adequate use of force reports including adequate documentation of any injures when a citizen is injured by police actions, as in this case;

    vii.      The improper and unreasonable use of force on a citizen, by such police officers, particularly after that citizen has been handcuffed or otherwise subdued and/or is otherwise observably nonthreatening and/or not resisting, as in this case;

    viii.      Improper and unreasonable use of the criminal charge of "resisting arrest" particularly when used as a pretense for falsely arresting or using unreasonable force on a citizen.

    ix.      An accumulation by one or more officers of multiple or disproportionate complaints and incidences over time, including some or all of the present defendant Enfield police officers, regarding rights violations and breaches of department rules pertaining to areas such as arrests, use of force, truthfulness and courtesy, without adequate reprimand, counseling or discipline;

    x.      Failure to conduct meaningful or objective internal affairs reviews of prior misconduct of Enfield police officers generally and of some or all of the defendant police officers in this case, including reviews of citizen complaints and

18

other suspected misconduct of involved officers, sounding in false arrest, unreasonable use of force, untruthfulness, unprofessional conduct and individual instances and/or patterns of harassment, overzealousness and/or violence toward citizens;

xi.     Abuse of the rights of citizens for no reason other than the fact that they may have expressed some sort of disagreement with the particular Enfield police officer or because such use of force, while unjustified, appeared to be "convenient" to the officer to accomplish his or her immediate purposes;

xii.     Failure to institute a department wide system that serves to review and screen improper and/or abhorrent behavior by Enfield police officers, including some or all the defendant Enfield police officers in this case, in a manner that serves as an adequate monitor to alert the department and/or internal affairs of the potential for their future misconduct, while also serving as an effective method of deterring similar future targeted conduct of Enfield police officers, including the individual defendants in this case;

xiii.     Failure to adequately train Enfield police officers to recognize or respond to tendencies toward and/or patterns of violent behavior exhibited by their fellow Enfield police officers in a manner that would have provided further notice to Enfield Police Department supervisors and directors;

xiv.     Failure to institute meaningful disciplinary actions against Enfield Police Officers including the defendant officers in this case, such as suspension, counseling, anger management treatment, remedial training classes or termination, in response to citizen complaints and other evidence of police misconduct;

xv.     Failure to identify and adequately control the disproportionate overzealous, unprofessional and/or untruthful tendencies and conduct of one Enfield officer in particular, Officer Matthew Worden, and other officers including those officers who accompanied him on assignments, despite the pronounced and blatant pattern of violent and abhorrent behavior that Officer Worden and his cohorts exhibited over time when on calls;

xvi.     Deliberately ignoring and/or disregarding internal review reports which red flagged the behavior and actions of defendant Officer Matthew Worden and identified Defendant Worden as a danger to citizens of Enfield, when acting alone and also with certain other officers including some or all of the Defendant officers in this case;

xvii.     Failure to discipline or conduct a meaningful investigation into the allegations regarding the conduct and behavior of Officer Matthew Worden despite the submission of one or more colorable arrest warrants to the state's attorney's office relating directly to Officer Matthew Worden's violent acts.

19

b.      Its failure to properly and adequately supervise, train, advise, and/or issue orders, rules, regulations and/or guidelines, reasonably necessary to promote use of accepted police practices by Enfield police officers, including the Defendant police officers herein, during arrests and seizures, in regard to the following areas:

i.      Proper use of handcuffs, police canines and other types of force when approaching, apprehending or arresting a subject;

ii.     Proper investigative, evaluative and/or arrest procedures including investigation of and follow up on all material leads and how to develop sufficient probable cause at a scene before an arrest or seizure is made;

iii.    Proper preparation of use of force reports when force is used by any police officer on a citizen, including proper documentation and photography of any resultant injuries;

iv.     Proper and timely actions to take when a citizen is in police custody and has serious injuries and immediate medical assistance is needed;

v.      Appropriate intervention when a reasonable opportunity exists to prevent or stop other officers from unduly injuring and/or violating the civil rights of a citizen.

vi.     Control of anger and overly aggressive behavior of officers toward citizens at scenes and establishment of express criteria to determine when counseling is reasonably necessary to deal with such proclivities;

vii.    The continuum of force concept and when to use verbal or other less restrictive means as opposed to severe or disproportionate force;

viii.   The concept that life is sacred and that force should be used as a last resort, when all other means of interaction are no longer feasible, because citizen and officer safety are paramount;

ix.     When and how officers should report on other officers who they are aware have mistreated citizens;

x.      Tactics relating to approaching and handling a scene in a manner which defuses potential danger and enhances citizen and officer safety.

c.      Its failure to adequately screen, monitor, investigate and/or discipline the prior bad acts of the Defendant Enfield police officers, including Matthew Worden, in the following ways:

20

i.      Failure to adequately and objectively investigate or consider citizen's complaints either individually or collectively made against Defendant Enfield police officers including officer Worden or to attach proper significance to them;

ii.     Failure to properly discipline Enfield Police officers including Officer Worden following a citizens complaint by methods such as suspension, counseling, anger management treatment, remedial training classes or termination;

iii.    Failure to adequately and objectively consider the seriousness of the threat Officer Worden posed to the citizens of the community on a daily and continuous basis over several years;

iv.     Failure to adequately train officers such as Officer Worden regarding how to approach or assess circumstances at a scene, establish probable cause and/or effect an arrest, seizure and/or use force, where reasonably necessary, on a citizen, in a constitutional manner;

v.      Failure to suspend or terminate Officer Worden's employment in a timely manner despite receiving at least seventeen citizen's complaints directed at officer Worden's behavior over a relatively short period of time, which complaints comprised a high and disproportionate percentage of complaints lodged against all Enfield police officers during that period;

vi.     Failure to properly discipline other Enfield police officers, including some or all of the other Defendant police officers in this case, based on their disproportionate and/or otherwise serious complaint history.

51.     Each of the aforementioned deficient policies, practices and customs of Defendant Town of Enfield, individually and/or in combination, served to promote, foster and/or form an environment and/or mindset conducive to the violation of the Constitutional rights of individuals, including Plaintiff Frank Salas, and thereby constituted the moving force behind the violation of the Constitutional rights of Plaintiff Frank Salas, as set forth more particularly herein.

52.     As Chief of Police, the Defendant Carl Sferrazza authorized, approved, condoned and/or ratified the above-referenced practices and customs of the Defendant Town of Enfield,

BROWN PAINDIRIS & SCOTT, LLP – ATTORNEYS AT LAW

100 PEARL STREET – HARTFORD, CONNECTICUT 06103 – (860) 522-3343 – JURIS NO. 20767

which constituted the moving force behind such violation of the Constitutional rights of the

Plaintiff, Frank Salas, as set forth more particularly herein.

53.   As a direct and proximate result of such inadequate and/or improper policies,

practices and/or customs of the Defendant, Town of Enfield, as referenced herein, as endorsed by

the defendant Police Chief, Plaintiff suffered the violation of his Constitutional rights and severe

and permanent physical, emotional and economic injuries, as more particularly set forth herein.


**COUNT FIFTEEN:**          **Indemnification Pursuant to Connecticut General Statutes § 7-465**

1-53.   Paragraphs 1-53 of Count Fourteen are hereby incorporated and made Paragraphs

1-53 of this Count Fifteen.

54.   Defendant Town of Enfield is legally liable to pay on behalf of Defendant Enfield

Police Officers and Chief of Police Carl Sferrazza all sums which Defendant Enfield Police

Officers become obligated to pay by reason of the aforesaid causes of action imposed upon such

employees by law for damages awarded for the violation of common law rights and infringement

of the civil rights and physical damages to the person and/or property of Plaintiff Frank Salas as

a result of the events complained of herein.

BROWN PAINDIRIS & SCOTT, LLP – ATTORNEYS AT LAW

100 PEARL STREET – HARTFORD, CONNECTICUT 06103 – (860) 522-3343 – JURIS NO. 20767

**WHEREFORE**, Plaintiff Frank Salas demands the following relief:

      1.      Monetary damages, including compensatory and/or actual damages;

      2.      Actual, dignitary and punitive damages, pursuant to 42 U.S.C. §1983;

      3.      A Court order, pursuant to 42 U.S.C. § 1988, that they are entitled to reasonable attorney's fees and costs incurred in maintaining this action pursuant to 42 U.S.C.§ 1983, as pleaded herein;

      4.      Such other relief in law or equity as the Court may deem just and proper.


PLAINTIFF, FRANK SALAS

By: _David K. Jaffe_
David K. Jaffe
Brown Paindiris & Scott, LLP
100 Pearl Street
Hartford, CT  06103
Tel. (860) 522-3343
Fax: (860) 522-2490
Email: djaffe@bpslawyers.com

By _Paul Spinella_
Paul Spinella
Spinella & Associates
1 Lewis Street
Hartford, CT 06103
Tel: (860) 728-4900
Fax: (860) 728-4909
Email: attorneys@spinella-law.com


A TRUE COPY ATTEST:

JOHN R. GR___
CONNECTICUT STATE MARSHAL
HARTFORD COUNTY

23

RETURN DATE: DECEMBER 30, 2014     :     SUPERIOR COURT

FRANK SALAS     :     J.D. OF HARTFORD OR
     :     HARTFORD

V.     :
     :

TOWN OF ENFIELD; ENFIELD POLICE     :
DEPARTMENT; CHIEF CARL     :
SFERRAZZA, individually and in     :
his official capacity; OFFICER     :
MATTHEW WORDEN, individually     :
and in his official capacity;  OFFICER JAIME     :
YOTT, individually and in her official capacity;     :
OFFICER RYAN WESCHE, individually and in     :
his official capacity, OFFICER JOHN M.     :
CARNEY, individually and in his official     :
Capacity; OFFICER JOHN DOE, individually     :
and in his official capacity; OFFICER JANE     :
DOE, individually and in her official capacity     :     NOVEMBER 14, 2014

<u>STATEMENT OF AMOUNT IN DEMAND</u>

The amount, legal interest, or property in demand is in excess of Fifteen Thousand and

00/100 ($15,000.00) Dollars, exclusive of interests and costs.

PLAINTIFF, FRANK SALAS

By: _____
David K. Jaffe
Brown Paindiris & Scott, LLP
100 Pearl Street
Hartford, CT  06103
Tel. (860) 522-3343
Fax: (860) 822-2490
Email: djaffe@bpslawyers.com

A TRUE COPY ATTEST:

JOHN R. GRIFFIN
CONNECTICUT STATE MARSHAL
HARTFORD COUNTY

By: _____
Paul Spinella
Spinella & Associates
1 Lewis Street
Hartford, CT 06103
Tel: (860) 728-4900
Fax: (860) 728-4909
Email: attorneys@spinella-law.com

24

**CERTIFIED AND RETURN RECEIPT REQUESTED**

August 8, 2014

**NOTICE OF INTENT TO COMMENCE ACTION**

To:     Suzanne Olechnicki
        Town Clerk
        820 Enfield Street
        Enfield, CT 06082

    **TAKE NOTICE** pursuant to Conn. Gen. Stat. Section 7-465 and 7-110a and all other pertinent statutory provisions, **Frank Salas** intends to bring an action pursuant to those statutes because of damage to person and deprivations of his civil rights under the Constitutions and laws of the United States and the State of Connecticut sustained as a result of the use of excessive force and other unlawful police action.

    At this time and place, police officers arrested him, seized him and used excessive force against him, causing multiple injuries. These actions violated the Constitutions and laws of the United States and the State of Connecticut.

**DATE OF INCIDENT:**           On or about December 26, 2011

**TIME OF INCIDENT:**           At or about approximately 11:00 p.m.

**PLACE OF INCIDENT:**          47 Hazard Avenue
                                      Enfield, CT

**PERSON SUFFERING DAMAGE:**     Frank Salas
                                       40 South Street
                                     Enfield, CT 06082

**INJURIES:**

    Frank Salas: Personal injuries , including but not limited to, Injury to both legs, chest injuries; back injuries; damage to his entire nervous system and related injuries as a result of continuous beating to his head and entire body; emotional distress and psychological pain and suffering.

SPINELLA & ASSOCIATES
1 Lewis Street, Hartford, CT 06103
(860) 728-4900

**PERSONS RESPONSIBLE FOR DAMAGES:**

    K-9 officer Matthew Worden- Member of Enfield Police Department
    John Doe, #1 member of Enfield Police Department
    Carl Sferrazza, Chief of Police
    Enfield Police Department
    City of Enfield

**ALLEGED VIOLATIONS:**

Generally, violation of Mr. Frank Salas' Constitutional rights, relating to unreasonable use of force, pursuant to the provisions included in the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution and to comparable sections of the Connecticut Constitution, including Article 1, Sections 7, 8 and 9, respectively, and violation of common law rights, including the right to be free from malicious prosecution.

Date at Hartford, Connecticut, this 8ᵗʰ _____ day of August, 2014.

                              **CLAIMANT,**

           By _____

                          **A. Paul Spinella, Esq.**
                          **Spinella & Associates**
                          **One Lewis Street**
                          **Hartford, CT 06103**
                          **(860) 728-4900**
                          **(860) 728-4909 (fax)**
                          **Juris #: 413617**

A TRUE COPY ATTEST:

JOHN R. GUZMAN
CONNECTICUT STATE MARSHAL
HARTFORD COUNTY

- 2 -

SENDER: COMPLETE THIS SECTION COMPLETE THIS SECTION ON DELIVERY

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature

X _Ellen P. M Carran_  ☐ Agent  ☒ Addressee

B. Received by (Printed Name)   C. Date of Delivery

_Ellen M Carran_

1. Article Addressed to:

Suzanne Olechnicki
Town Clerk
820 Enfield Street
Enfield, CT 06082

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☒ No

3. Service Type
   ☒ Certified Mail    ☐ Priority Mail Express™
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7008 1830 0003 3438 6604

PS Form 3811, July 2013          Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

# OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

7008 1830 0003 3438 6604

Sent To
Suzanne Olechnicki
Street, Apt. No.;
or PO Box No.  820 Enfield Street
City, State, ZIP+4  Enfield, CT 06082

PS Form 3800, August 2006          See Reverse for Instructions