UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FRANK SALAS and | : | |
| RONNIE SALAS, | : | |
|     Plaintiffs, | : | |
| | : | |
| v. | : | 3:14-cv-01883-WWE |
| | : | |
| TOWN OF ENFIELD, | : | |
| CHIEF CARL SFERRAZZA, | : | |
| OFFICER JAMIE YOTT, | : | |
| OFFICER RYAN WESCHE, | : | |
| OFFICER JOHN M. CARNEY, | : | |
| OFFICER MATTHEW WORDEN, | : | |
| OFFICER JOHN DOE, | : | |
| OFFICER JOHN DOE, | : | |
|     Defendants. | : | |

**MEMORANDUM OF DECISION ON DEFENDANTS' MOTIONS TO DISMISS**

This is an action by two brothers against the Town of Enfield and seven of its police officers, alleging excessive force, negligence, recklessness, intentional infliction of emotional distress, negligent infliction of emotional distress, assault and battery, failure to intervene, failure to render adequate medical assistance, false arrest and malicious prosecution, inadequate policy and custom, and indemnification. All of plaintiffs' claims stem from an allegedly violent altercation that took place in a CVS parking lot in Enfield, Connecticut, on December 26, 2011. Plaintiffs also allege an accumulation by one or more officers of multiple complaints of civil rights violations and an institutional failure of the Police Department to prevent or correct such behavior.

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as

true and draw all reasonable inferences in favor of the pleader.  Hishon v. King, 467 U.S. 69, 73

(1984).  The complaint must contain the grounds upon which the claim rests through factual

allegations sufficient "to raise a right to relief above the speculative level."  Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 556 (2007).   A plaintiff is obliged to amplify a claim with some factual

allegations in those contexts where such amplification is needed to render the claim plausible.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### Claims against the Enfield Police Department

Defendants argue that the Enfield Police Department should be dismissed from this

matter, as no claims are directed against it and it is not a legal entity capable of being sued.

Plaintiffs have agreed to withdraw their claims against the Department.

### Official Capacity Claims

Plaintiffs have sued the individual defendants in both their individual and official

capacities.  Defendants argue that the official capacity claims must be dismissed because

federal law deems them duplicative of the *Monell* claim asserted against the Town and Chief

Sferrazza.

> Personal-capacity suits seek to impose personal liability upon a government
> official for actions he takes under color of state law.  Official-capacity suits,
> in contrast, generally represent only another way of pleading an action against
> an entity of which an officer is an agent. As long as the government entity
> receives notice and an opportunity to respond, an official-capacity suit is, in
> all respects other than name, to be treated as a suit against the entity.  It is not
> a suit against the official personally, for the real party in interest is the entity.
> Thus, while an award of damages against an official in his personal capacity
> can be executed only against the official's personal assets, a plaintiff seeking
> to recover on a damages judgment in an official-capacity suit must look to the
> government entity itself.
>
> On the merits, to establish personal liability in a § 1983 action, it is enough
> to show that the official, acting under color of state law, caused the
> deprivation of a federal right.  More is required in an official-capacity action,

2

however, for a governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation; thus, in an official-capacity suit the entity's policy or custom must have played a part in the violation of federal law.  When it comes to defenses to liability, an official in a personal-capacity action may, depending on his position, be able to assert personal immunity defenses, such as objectively reasonable reliance on existing law.  In an official-capacity action, these defenses are unavailable. The only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity, *qua* entity, may possess, such as the Eleventh Amendment.

Kentucky v. Graham, 473 U.S. 159, 166-67 (1985).

"There is no limitation on the ability of a plaintiff to sue an official in both his individual and official capacity."  Odom v. Matteo, 772 F. Supp. 2d 377, 392 (D. Conn. 2011).  Indeed, to demonstrate that a particular violation was caused by a municipal policy, there must be a connection between the policy and the particular violation alleged. City of Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985).  Accordingly, it is appropriate that plaintiffs be permitted to allege official capacity/municipal policy liability within the various counts of their complaints.

Defendants argue that "when a complaint asserts a 42 U.S.C. § 1983 claim against both a municipal entity and a municipal official in his official capacity, the official capacity claim should be dismissed as duplicative or redundant."  Here, plaintiffs' complaints do not name both the Town and officers in their official capacity within the same count, so the official capacity claims are not duplicative.  Accordingly, plaintiffs' official capacity claims will not be dismissed.

**Negligence and Recklessness Claims**

Plaintiffs have agreed to withdraw their causes of action sounding in recklessness, negligence, and negligent infliction of emotional distress.

3

**Article One, Sections 8 and 20 of the Connecticut Constitution**

Defendants argue that Connecticut courts do not recognize private causes of action for money damages under Article One, Sections 8 and 20 of the Connecticut Constitution. Indeed, this Court has held that no private cause of action for monetary damages exists pursuant the due process and equal protection provisions (Sections 8 and 20, respectively) of the Connecticut Constitution. Ward v. Housatonic Area Regional Transit Dist., 154 F. Supp. 2d 339, 356 (D. Conn. 2001). Accordingly, these claims will be dismissed.

**Indemnification Claims pursuant to Connecticut General Statutes Section 7-465**

Defendants have withdrawn their motions to dismiss plaintiffs' indemnification claims.

## CONCLUSION

For the foregoing reasons, defendants' motions to dismiss are GRANTED in part and DENIED in part. Plaintiffs' claims against the Enfield Police Department and plaintiffs' recklessness and negligence claims have been withdrawn; plaintiffs' official capacity claims and indemnification claims remain; and plaintiffs' claims pursuant to Section 8 and 20 of the Connecticut Constitution are dismissed.

Plaintiffs are instructed to file an amended complaint consistent with this decision within 21 days of this decision's filing date.

Dated this 30th day of August, 2015, at Bridgeport, Connecticut.


      /s/Warren W. Eginton

WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE